### STATE v. JOHN H. BERRY.

### STATE v. MICHAEL R. KILLEEN.

1. CERTIFICATE OF CLERK TO PROVE COUNTY OPTION ELECTION ADMISSIBLE.

    In prosecutions under Gen. Code 13195 (R. S. 6942) certificate of the clerk as to the result of the county option election may be offered in evidence with oral evidence to prove how a county voted in such election.

2. BARTENDER NOT A "KEEPER."

    The term "keeper" as used in Gen. Code 13195 (R. S. 6942) does not include a mere clerk or bartender without managerial authority.

[Syllabus approved by the court.]

ERROR to common pleas court.

*W. F. Orr, Pros. Atty.*, for plaintiff in error:

Cited and commented upon the following authorities: *Lynch* v. *State*, 31 O. C. C. 352 (12 N. S. 330); *Kubach* v. *State*, 25 O. C. C. 488 (2 N. S. 133); *State* v. *Smith*, 69 Ohio St. 196 [68 N. E. Rep. 1044]; *Kappes* v. *State*, 25 O. C. C. 723 (4 N. S. 14); *Matthews* v. *State*, 25 Ohio St. 536; *Smith* v. *State*, 22 Ohio St. 539; 16 Cyc. 848; *Reeves* v. *State*, 47 Tenn. 96; *State* v. *Matlock*, 70 Iowa 229 [30 N. W. Rep. 495]; *Tucker* v. *People*, 122 Ill. 583 [13 N. E. Rep. 809].

*H. C. Armstrong*, for defendant in error.

**ALLREAD, J.**

The defendant in each of the cases was convicted of an offense under Gen. Code 13195 (R. S. 6942), for keeping a place

State. v. Berry.

where intoxicating liquors were furnished in violation of law, and sentenced to pay a fine of $500 and costs.

It was contended by counsel for the defendant in the mayor's court, that the affidavits charging the offense are insufficient.  This contention is met and answered by the cases of *Weaver* v. *State,* 74 Ohio St. 53 [77 N. E. Rep. 273]; *Lynch* v. *State,* 31 O. C. C. 352 (12 N. S. 331); affirmed, no. op., *Lynch* v. *State,* 81 O. S. 489.  It is also clear that the affidavits do not charge a second offense.

Upon the trial of the cases, the charges were supported by evidence showing a violation of the Rose County Local Option law.  No other statute was shown to have been violated as a foundation of the offense here charged.  It is contended that the magistrate erred in admitting as evidence the certificate of the clerk as to the result of the Rose County Local Option election. We are of the opinion that the admission of documentary evidence of this character does not violate the section of the bill of rights guaranteeing the accused the right to confront the witnesses.

A more serious question arises as to the right to use the certificate of election as evidence in a case not strictly under the Rose County Local Option act.  The provision of that act is that ''in all trials for a violation of this act,'' the entry of a certified copy shall be *prima facie* evidence, etc.

It is true that the prosecution is under R. S. 6942 but the offense so prescribed is founded as well upon some other section claimed to have been violated.  In every prosecution under R. S. 6942, it is apparent that the specific statute defining the law violated is to be read into and made a part of Gen. Code 13195 (R. S. 6942).  So that when the evidence offered in a prosecution under Gen. Code 13195 (R. S. 6942) tends to show a violation of the Rose County Local Option act, the act must be looked to and read into R. S. 6942 (Gen. Code 13195), under which the prosecution is had.

It is asserted that this does not apply to the method of proof prescribed.  We are, however, of the opinion that the act Gen. Code 13195 (R. S. 6942), includes by reference and recital not only the elements of the offense but the means of proof.  Still

if we are wrong in this, we find in the oral evidence ample proof of the county having voted "dry." And such evidence was evidently accepted as sufficient proof in the case of *Lynch* v. *State, supra.* The admission of the certificate was therefore not prejudicial. The evidence as against John H. Berry is sufficient to justify the conviction, is undisputed, and no prejudicial error is found.

The court of common please, therefore, erred in reversing the judgment of the magistrate as to Berry and in discharging him. Under force Gen. Code 13763 (R. S. 7367), enacted subsequently to the decision of *Mick* v. *State,* 72 Ohio St. 388 [74 N. E. Rep. 284], we are required to reverse the judgment of the common pleas court, vacate the judgment of discharge and affirm the magistrate's conviction and sentence of John H. Berry.

Killeen appears from the evidence to have been the bartender and to have made the sales shown in the evidence. Berry, the owner, was present and in control of the business. He was also present at other times referred to in the evidence when Killeen was acting. It is also shown by stipulation that Berry was the sole owner and that Killeen had no interest except as employe of Berry, was without authority and subject to the order and direction of the owner.

This stipulation in connection with the other evidence brings the case within the dictum of Judge Day in *Schultz* v. *State,* 32 Ohio St. 276, in which it is intimated, if not asserted, that the term "keeper" does not include a mere clerk or servant without managerial authority. We are, therefore, constrained to hold that no case was made out against Killeen, and that the court of common pleas correctly reversed the magistrate's conviction of Killeen and directed his discharge.

The judgment of the court of common pleas in respect to Killeen is, therefore, affirmed.

**Rockel** and **Dustin, JJ.,** concur.